## JENKINS v. TANNER.
### No. 5485.

Court of Civil Appeals of Texas. Amarillo.
Nov. 16, 1942.

B. N. Richards, of Dalhart, for appellant.

W. S. Birge, of Amarillo, for appellee.

FOLLEY, Justice.

This suit was filed by the appellee, A. C. H. Tanner, against the appellant, J. R. Jenkins, to recover a commission as broker in connection with the alleged sale by appellee of certain horses and cattle belonging to the appellant and situated on his ranch in New Mexico. It was alleged that the appellee was the procuring cause of the sale of 365 horses and 1,060 head of cattle to Mrs. Carlene McCuiston Bland, of Groom, Texas, for which, under an agreement with appellant, the appellee was due one dollar per head for the horses and fifty cents per head for the cattle. The appellant admitted in his pleadings that he had sold 365 head of horses "and some cattle" to Mrs. Bland, but denied that appellee was the procuring cause of the sale or had any connection therewith. He further admitted that he had agreed to pay the appellee one dollar per head for all horses sold by the appellee, but denied that

appellee was the procuring cause of the sale of any horses.

The jury found, in effect, that the appellee was the procuring cause in the sale of 295 of appellant's horses and 888 head of appellant's cattle to Mrs. Bland and that the appellant had agreed to pay the appellee fifty cents per head for the sale of the cattle. Apparently because the appellant admitted in his pleadings that one dollar per head for the sale of the horses was agreed upon by the parties, no issue was submitted on this question. The court rendered judgment against the appellant and in favor of the appellee for $739, which represented the commission in the sale of 295 horses at one dollar per head, and 888 cattle at fifty cents per head.

The appellant presents but two points for the reversal of the judgment. The first complaint is that the court erred in refusing his request for a peremptory instruction because of the appellee's introduction of appellant's answer in evidence, which he asserts comprised a complete defense to appellee's cause of action, and that the appellee, having introduced the answer, was bound by its allegations and was concluded from any recovery. The second complaint of the appellant is based on the jury's failure to answer certain other issues which he contends were material to his defense, as will hereinafter more particularly appear.

It is true that the appellee introduced in evidence the answer of the appellant and the same was introduced without limitation and without stating the purpose for which it was offered. As material to this controversy, it consisted chiefly of a general denial, save and except such as might therein be admitted, and of a special denial that appellant listed any cattle for sale with the appellee, or that appellee was the procuring cause of the sale thereof. As above indicated, the appellant admitted in his answer that he had agreed to pay the appellee·one dollar per head for any horses sold by appellee for appellant, but denied that appellee had sold any horses or that he was the procuring cause of the sale of such horses. The appellant further admitted he had sold 365 head of horses "and some cattle" to Mrs. Bland, but denied that the appellee had any connection with such sale. It is the contention of the appellant that this pleading, as introduced by the appellee, is conclusive against appellee's cause of action and that

by reason thereof the court should have instructed a verdict in appellant's favor. No contention is made that there was not other evidence in the record amply supporting the above findings of the jury establishing appellee's cause of action and, indeed, such contention could not be successfully made, since there is an abundance of testimony in support of such findings.

 In support of his theory in this respect, the appellant relies chiefly on the case of Texas & N. O. Ry. Co. v. Patterson & Roberts et al., Tex.Civ.App., 192 S. W. 585, wherein this Court held that a plaintiff who introduces the defendant's answer without limitation is concluded thereby. However in that case the pleading introduced was all the evidence offered on the issue involved. Such is not the case here. In this connection, we have been unable to find any case holding squarely that one introducing such a pleading without limitation may not, under any circumstances, impeach its recitals by evidence to the contrary. We recognize the general rule that a party introducing documentary evidence is not allowed to impeach or contradict it or to accept a part of it in his favor and repudiate another part opposed to his claim or defense. 20 Am.Jur. 771, Sec. 915. But this rule has its exceptions and variations, as will be noticed in the case of Masterson et ux. v. Bouldin et al., Tex.Civ.App., 151 S.W.2d 301, 308, writ refused. In that case will be found a very elaborate discussion of this rule and its exceptions, but a repetition of such discussion will serve no good purpose here. The decision ·of that question in the Masterson case, however, in our judgment is particularly applicable and decisive here. As we understand the holding in that case, wherein the same rule urged here was not applied there, the court based the holding upon the theory that "the rule does not apply, with the effect to conclude an issue regardless of evidence to the contrary, where the purpose of introducing the documentary evidence is not offered upon that particular issue." In the instant case the pleading introduced contained nothing in destruction of the appellee's cause of action except the denial, both general and special, of the existence of any cause of action. We think it is highly unreasonable to assume that the appellee intended to deny his own cause of action by the introduction of his adversary's pleading. This fact, as was similarly in-

dicated in the Masterson case, raises the presumption that the pleading was not offered upon the issue as to whether the appellee had a cause of action. It is quite evident that the pleading was introduced for the benefit of the admissions made therein by the appellant, and under such circumstances it should not be held to have concluded the question of the existence of a cause of action which, as above indicated, was clearly made an issue by other evidence.

The second point of the appellant is based upon the jury's failure to answer the two following issues which were requested by the appellant and submitted by the court:

"(a) Was the sale as shown by the contract introduced in evidence in realty a sale to one W. W. Brunson?

"(b) Was the plaintiff A. C. H. Tanner the procuring cause of such sale to Brunson, as the term procuring cause has been defined to you?"

In its verdict, the jury responded to the first issue above quoted as follows: "Unable to agree." The second issue was left unanswered with no indication of the reason therefor. These issues were apparently based upon the testimony of Mrs. Jenkins, the appellant's wife, to the effect that although the contract alluded to in the issues was an agreement between the appellant and Mrs. Bland for the sale of the horses and cattle in question, Mrs. Bland did not, in fact, buy the horses and cattle but the same were sold to W. W. Brunson in the transaction. There was similar testimony from the appellant. However, under the facts of this case, we think this is immaterial and presents no defense to appellant's cause of action and further that the issues in question relate more to a question of law than one of fact, which may account for the jury's failure to answer them. The testimony shows that Brunson was associated with Mrs. Bland in the transaction, in which not only horses and cattle were acquired, but also leases on several thousand acres of land and improvements comprising a part of appellant's ranch in New Mexico. The testimony is conclusive that the horses and cattle acquired by Brunson were obtained, not in an independent transaction with the appellant, but in connection with and by virtue of the written contract with Mrs. Bland. Moreover, if this matter constituted a defense, the appellant is in no position to present it. The written contract with Mrs. Bland was not in any manner attacked by him but, on the contrary, he expressly admitted in his pleadings that he had sold to Mrs. Bland about 365 horses, "a portion of his ranch, some of his leases, and some cattle, and that all of it was one deal," which transaction the testimony conclusively shows was the origin of this cause of action. This assignment must therefore be overruled.

No reversible error having been presented, the judgment is affirmed.