**MONTGOMERY v. GAY.**

No. 15059.

Court of Civil Appeals of Texas.
Fort Worth.

July 8, 1949.

Rehearing Denied Sept. 16, 1949.

Edgar M. Mann, of Wichita Falls, for appellant.

Bullington, Humphrey, Humphrey & Fillmore, and Lee Humphrey, all of Wichita Falls, for appellee.

SPEER, Justice.

Appellee, Otis Gay, sued appellant, Charlotte V. T. Montgomery, a feme sole, in a district court of Wichita County to recover for services rendered in connection with the cleaning out and cementing of an oil well located on a lease owned by appellant.

In so far as the controverted matters in this appeal are concerned, it is sufficient to state that the amended petition of appellee upon which this trial was had was of a dual nature. Primarily appellee relied upon an oral contract by which he was to drill out certain cement placed in an oil well by previous contractors and to re-cement the well in an effort to shut off salt water which had broken in about two months after the well had been finished and defectively cemented by said other contractors. Appellee's work was to be done in a good and workmanlike manner, for which he was to receive $7.00 per hour for the time actually consumed by him with the use of his machinery and crew; he plead that he had faithfully performed the contract and that he necessarily consumed 92 hours in its performance.

Appellee also plead alternatively to the effect that if he was mistaken in alleging that he had an oral contract with appellant to do and perform the things and at the agreed price above set out, he did, with the knowledge, consent and acquiescence of appellant, do and perform all of said labor for her use and benefit and that said services were reasonably worth at that time and place $7.00 per hour, and he prayed in each instance for the recovery of the same amount.

Appellant answered by general denial and by special plea to the effect that her oral contract with appellee was that he would service the well and do all things necessary to shut off the salt water for the agreed price of possibly $250.00 and in no event to exceed $300.00; that appellee did not perform his contract in a good and workmanlike manner and was not entitled to recover any sum against her.

The case was tried to a jury on special issues; the verdict was in all respects favorable to appellee. The first three special issues were submitted and answered almost in the language of appellee's petition and his testimony in support thereof referable to the primary grounds of recovery alleged. In answer to these the jury found: (1) Defendant (appellant here) agreed to pay plaintiff (appellee) by the hour for each hour he was engaged in cementing the well; (2) Appellant agreed to pay appellee $7.00 per hour; and (3) Appellee was engaged 92 hours in cementing the well.

Special issues 4, 5, 6, 7, 8 and 9 were submitted upon the theory of appellee's alternative plea, to which all parties refer as one of quantum meruit. The answers found that: (4) Appellant requested appellee to cement the well; (5) Appellee cemented the well upon appellant's request; (6) Appellee's labor and services were done in a good and workmanlike manner; (7) Appellant had knowledge that appellee's machinery was being used in cementing her well; (8) Appellee and his crew were engaged in said services 92 hours; (9) The reasonable and fair charge for the services of appellee, his crew and equipment was $7.00 per hour.

Special issues 10 and 11 affirmatively and unconditionally submitted appellant's contention raised by her pleadings and testimony. In response to these issues the jury found: (10) Appellee did not enter into a contract with appellant to clean out cement and cut off the salt water in the well for a sum not to exceed $300.00; and (11) Appellee did not fail to cement the well so as to cut off the salt water.

Judgment was entered on the verdict for appellee for $644.00, from which judgment this appeal was perfected.

This case was before us on a former appeal by Mrs. Montgomery, appellant here, and we reversed and remanded the cause for failure of the trial court to affirmatively and unconditionally submit her defenses as plead and upon which evidence was heard. Montgomery v. Gay, Tex.Civ.App., 212 S.W.2d 941. Since that opinion all pleadings have been amended but the controverted issues of fact have not been materially changed.

Appellant relies upon six points of assigned error. The first point complains of the submission of special issue No. 9 wherein the court inquired about the fair and reasonable value of the services rendered by appellee to appellant under the former's alternative plea on quantum meruit. Points 2, 3 and 4 complain of the admission of testimony given by appellee and two other witnesses in support of the alternative plea. These four points are properly briefed together and we will so consider them. We have no trouble in concluding that they present no error. Appellant predicates his argument under these points by laying down a principle in this language: "The points, briefly stated, are that the plaintiff (appellee) could not sue under an express contract and recover on an implied one." She cites authorities in support of the asserted rule. The vice in the position taken lies in the fact that appellant ignores the alternative plea for recovery on quantum meruit. For more than a half century the rule of pleading has existed as laid down by the Supreme Court in this language: "We also think that our system of pleading permits a plaintiff, who is doubtful about the particular facts which he can establish, to plead in the alternative, without rendering his pleading demurrable for inconsistency or multifariousness." Floyd v. Patterson, 72 Tex. 202, 10 S.W. 526, 528, 13 Am.St.Rep. 787. The rule is admirably discussed by a contributor to 19 Texas Law Review 487. The privilege of a party to plead inconsistent facts alternatively has now been made plain by Rule 48, Texas Rules of Civil Procedure. It is academic that if a party may plead inconsistent facts he has the right to prove them if he can. It logically follows that where facts are pleaded as a ground of recovery or of defense and there is evidence supporting them, jury issues are raised and it is not error to submit them. It will be noted that the court submitted the case upon both of appellee's pleaded theories, i. e., an express contract and an implied one, each of which was supported by the testimony; however, the number of hours consumed and the price per hour were found to be the same and by calculation resulted in a mandate to the court to render judgment for $644.00 under either theory.

It is quite obvious that appellant has suffered no denial of her rights and that such submission to and findings by the jury did not cause the rendition of an improper judgment in the case. Rule 434, T. R. C. P. This court had before it some of the problems here presented in Johnson Aircrafts v. Eichholtz, Tex.Civ.App., 194 S.W.2d 815, writ refused, n. r. e., and determined them

adversely to the contentions here made by appellant.

■ The fifth point is lengthy but we interpret it to complain because appellee attempted to inject into the case the comparative wealth of the parties. It is pointed out that opposing counsel was permitted to inquire of appellant, over her objections, and she was required to answer that she had drilled eighteen oil wells, including the one in controversy, on the lease and that she owned a tourist court.

The record discloses that appellant had personally supervised the drilling of all of those eighteen wells and that nine or ten of them had never produced oil; that the area was one in which there was much salt water near the production horizon; that it was very difficult to shut off the salt water; that experienced men often failed in the attempt, causing the loss of the well; that appellant had employed two separate reputable concerns to try to shut off the salt water in the well in question and both had failed before she employed appellee. She testified that appellee did not guarantee to shut off the salt water but that he said he would try and believed he could do it. From all this it is quite apparent that appellant's experience and knowledge of the matters involved justified inquiry into the source of her knowledge and experience in that particular field. We think the inquiries and disclosure were proper under the theories involved in this case. Appellant contends that she was required to reveal that she was a rich widow and that she was thus prejudiced against the claims of a poor working man, such as was appellee.

■ The testimony does not necessarily force the conclusion that she was a "rich widow" because she had drilled eighteen oil wells and that about half of them were small producers and others were not producers. Nor is there any testimony from which it could be found that appellee was a "poor working man." These things are presented only in the brief. Additional complaint is made because appellant was required to testify that she owned the "Bungalow Tourist Camp." The tourist camp was only mentioned incidentally in an inquiry as to where appellant's regular driller lived, and it requires a strong inference to impute ownership to appellant as contended here by her. While she was testifying about a meeting with appellee at Mr. Young's house, appellee's counsel asked her:

Q. "You own this Bungalow Tourist Camp and he was living there, wasn't he?" A. No, he lived in a four room house on Austin." Moreover, there was no objection made by appellant when reference was made to the tourist camp. We see no reversible error in the point under consideration.

■ The sixth point asserts error in the admission of testimony given by a Mr. Hale concerning the customary manner in which the Haliburton Cementing Company contracted for cleaning out and cementing wells in that area. It is argued that the testimony was offered to impeach or contradict the testimony of appellant wherein she had said she employed that concern to service her well No. 14 at a flat price of $230.00. Appellant contends that the offending testimony was not admissible to impeach her on an immaterial matter. It is settled that a party-witness may not be impeached upon immaterial matters. That rule is not applicable here for more reasons than one. First, appellant had testified her contract with appellee was upon a flat amount basis; she said she had previously employed Haliburton at $230.00 for a similar job on this same well; this tended to show why she made a like contract with appellee in that area as she contended. Second, as we construe the testimony of the witness about which complaint is made, it did not necessarily contradict the appellant since the witness said Haliburton was an experienced and reliable concern, and had done much work for the witness; that Haliburton contracts on a basis of the depth of the well and brings his machine and men to the location, the owner gives him a work order and assumes all responsibility; he said that Haliburton really leases his equipment "to you and the well is cemented at your responsibility." Witness went on to say that when the well

is cemented Haliburton moves away and sends the owner a bill. The court by instruction limited the testimony for impeaching purposes only. As we construe the testimony it was more nearly corroborative of appellant's testimony than impeaching on the point. It certainly did not tend to prove that Haliburton Company made contracts of the nature appellee claims to have made with appellant. If it did not contradict appellant's testimony then under the court's ruling it was excluded. It is difficult to see how appellant could have been prejudiced in her rights by the testimony.

 Appellant brings forward points 7 and 8 relating to the failure of the court to submit requested issues but these points are not briefed and are of course waived. Rule 418, T. R. C. P. Rayburn v. Giles, Tex.Civ.App., 182 S.W.2d 9, error refused.

All points presented to us are overruled and the judgment is affirmed.