**MOSER v. McLEMORE.**

No. 6354.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 14, 1953.

Jack Alexander, Borger, for appellant.

Walter R. Allen, Hood & Hood, Borger, for appellee.

PITTS, Chief Justice.

This suit arose as a result of a written rental contract between appellee, W. F. McLemore, as lessor, and appellant, Charles W. Moser, as lessee. Appellee leased to appellant certain business and apartment residential property located at 612 North Main Street in Borger, Hutchinson County, Texas, on Lot 23, Block 28 of the original townsite for a term running from May 3, 1948, to September 6, 1951, with a five year renewal option given lessee on the date of expiration thereof. A portion of the written contract states that:

> "11th. It is agreed and understood that any holding over by the Lessee of the hereby leased premises after the expiration of this lease shall operate and be construed as a tenancy from month to month at a rental of $50.00".

At the expiration of the lease, appellant as lessee did not exercise the renewal option but continued to hold the premises for a period of five months in accordance with the holdover tenancy clause but failed to pay the $50 per month rental for the said period of time.

Appellee filed suit against appellant for injunctive relief, for his monthly rental of $50 for a period of five months and for a foreclosure of his lien on certain furniture appellant had left in an unoccupied part of the building being then held by appellant, alleging, in effect, as grounds for injunctive relief that appellant was threatening to tear out of the said building and remove therefrom certain permanent plumbing fixtures and other attached fixtures of the proximate value of $1,100, having been therein added by appellant under the terms of the lease contract to become and did become a part of the permanent improvements thereon which belonged to appellee. For these alleged reasons appellee sought to have appellant restrained from tearing out of the building such permanent fixtures

belonging to appellee under the terms of the written lease contract as well as for the contractual rentals in the sum of $250 due him and a lien foreclosure on certain property for such rentals. Upon the execution of a proper bond by appellee, the trial court issued a temporary restraining order accordingly.

█ Appellant answered with a general denial, that he was subleasing the premises and holding possession thereof under a new oral agreement between himself and appellee and that appellee was guilty of conversion and had damaged him in the sum of $1,800 actual damages and $1,500 exemplary damages, which sums he sought to recover in a cross-action. As a basis for such recovery appellant also pleaded all of the terms of the original lease contract, attached a copy of it to his pleadings and made it a part thereof for all purposes. Without any objections appellee introduced the said lease contract in its entirety as a basis for his recovery. The parties are both therefore bound by all of its terms, one having pleaded it and the other having introduced it.

The case was tried on its merits before the court without a jury on January 26, 1953, and final judgment was therein entered on March 23, 1953, denying appellant any recovery on his cross-action but awarding him an offset of $185 against the $250 rental allowance awarded appellee, who obtained judgment for his said rental allowance less the said offset, leaving a balance due of $65 for which sum appellee was authorized to foreclose his landlord's lien and his contract lien on the furniture in question therein described and for title to certain attached plumbing and kitchen fixtures of a permanent nature therein listed and placed on the premises by appellant under the terms of the lease contract to become a permanent part of appellee's buildings at the expiration of the rental lease. The trial court's judgment sets out many of its findings and conclusions.

Appellant perfected his appeal from the judgment and has attacked the same, in effect, because the trial court denied him any recovery on his cross-action; because the trial court held, in effect, that no oral agreement between the parties existed by the terms of which appellant was holding over as claimed by him; because the trial court held that the OPA regulations did not interfere with the expiration date of the lease contract; because appellee repossessed the premises and held appellant's personal property without first obtaining a court order; because the trial court held appellant was obligated to leave three furnished apartments for appellee at the expiration of the lease contract; because the trial court awarded to appellee certain described fixtures that belonged to appellant under the terms of the lease contract. All of appellee's complaints and claims can be determined by the terms of the contract, together with other evidentiary facts heard by the trial court and can be disposed of together.

█ ▪ The evidence consists only of the testimony of appellee and appellant, together with a copy of the original lease contract between the parties and a copy of a certain letter written to appellee by appellant concerning the terms of the lease contract then to be executed. The testimony of the two parties as witnesses was often highly controverted and appellant predicates some of his challenges and complaints upon his own testimony alone, disregarding the testimony of appellee to the contrary. Whereas the rule is well established that the trial judge is the trier of facts when a jury has been waived and he is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. It is therefore within the province of the trial judge to disregard the testimony of either of the two witnesses when the same is controverted just as he may see fit. It is likewise an elementary rule of law that we, as an appellate court, must, under such circumstances, give credence only to the evidence and circumstances favorable to the trial court's findings and judgment and disregard all evidence and circumstances to the contrary in an effort to determine whether or not the evidence heard supports the trial court's findings and

judgment. The rule also prevails that a trial court's findings in support of its judgment will be upheld on appeal unless they are without support in the evidence and manifestly erroneous. Boston Ins. Co. v. Rainwater, Tex.Civ.App., 197 S.W.2d 118, and the numerous authorities therein cited. In perfecting his appeal appellant should be mindful of these rules of law since appellate courts must observe them when applicable as they are here.

In considering the testimony in the case at bar wherein the adversaries as the only witnesses heard testified contrary to each other on the controlling issues, the trial judge had the duty of determining whose testimony was most logical and who should prevail in the controversial matters. When such has been done in compliance with the rules previously cited, the trial court's findings concerning the controversial issues and judgment based thereon are binding upon the parties and the appellate courts.

The lease contract is too lengthy to set forth here in full but, for reasons previously stated, both parties are bound by its terms and neither party can successfully attack any of its terms. In addition to the provisions thereof previously stated, the lease contract provides in part and in effect that lessee (appellant) shall as a part of the consideration, remodel portions of the leased building and convert some of the building into living apartments; that three such living apartments were contemplated by the parties, but appellee was bound and obligated to leave at least two such apartments with two baths in the said building when the lease expired; that lessee should take good care of the property and fixtures and suffer no waste and should at his own expense keep the premises and all fixtures in good repair and leave them so when the lease expired; that all alterations and attached additions and improvements placed thereon by lessee (appellant) at his own expense should become permanent improvements and become the property of lessor (appellee) and should be surrendered to lessor (appellee) and left on the premises as a part thereof by lessee (appellant) at the termination of the lease; that in case of default in any of the terms by lessee, lessor may enforce performance under the provisions of the law applicable, may declare the lease forfeited and may without further notice re-enter and repossess the premises, without being deemed guilty of any manner of trespass, for the purpose of removing the personal effects and personal property belonging to lessee or holding such for security for unpaid balance of the rent; that lessor (appellee) should have a lien as security for unpaid rent upon all goods, wares, chattels, improvements, fixtures, furniture, tools and other personal property of lessee (appellant) found on the premises.

Appellant testified he was occupying the premises under a new oral agreement between himself and appellee after the lease expired. Appellee testified no such agreement was ever sought or had but appellant was occupying the premises under the terms of the "holdover clause" in the lease contract and had defaulted in payment of the monthly rentals. The testimony of the parties was controverted about the cost and purpose of some of the improvements placed on the premises by appellant, about the influence, if any, of the OPA rules and regulations upon the lease contract and most other material issues raised. The evidence reveals that appellant added three living apartments and rented all of them for a time. Such was authorized by the lease contract and whatever attached improvements appellant added became the property of appellee when the lease expired under the terms of the contract. The trial court was justified in so finding and concluding. Under the evidence and the rules of law the trial court was also justified in finding and concluding that no new contract existed between the parties, that no conversion existed, that the OPA rules did not interfere with the terms of the lease contract and that appellee did have a contractual lien on the furniture and other property in question owned by appellant to secure the unpaid rentals.

For the reasons stated it appears to us that there is sufficient evidence of proba-

tive force to support all of the trial court's findings and conclusions. All of appellant's challenges and complaints to the contrary are therefore overruled and the judgment of the trial court is affirmed.