Jim D. OWENS, Appellant,

v.

STATE of Texas, Appellee.

No. 16161.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 6, 1961.

Woodruff, Morgan, Woodruff & Nobles, Decatur, Lattimore & Lattimore, and Hal M. Lattimore, Fort Worth, for appellant.

Sewell & Forbis, and James E. Forbis, Decatur, for appellee.

BOYD, Justice.

This is a condemnation suit filed by the State of Texas to acquire 2.35 acres of land for road purposes. On appeal from the award of the Commissioners, there was a jury trial which resulted in an award to the condemnee Jim D. Owens, both as to the value of the land taken and for damages to his remaining land after the taking. Jim D. Owens appeals.

In answer to Issue No. 1, the jury found the market value of the condemned land to be $130 per acre. In answer to Issue No. 2, it was found that the remainder of appellant's tract had a market value of $20,000 immediately before the taking. In answer to Issue No. 3, the jury found that the market value of the remaining tract, immediately after the taking, was $15,900. In answer to Issue No. 4, it was found that appellant will receive benefits by reason of the construction of the highway on the condemned tract, which benefits will enhance the market value of appellant's remaining land. And, in answer to Issue No. 5, the jury found that the market value of the remainder of the land has been enhanced $1,500 as result of such special benefits. In rendering judgment, the court deducted the $1,500 from appellant's recovery, and awarded him $905.50, with interest at 6% per annum from July 23, 1958, the date of taking, being in addition to the $2,000 already paid to appellant.*

Appellant's principal contention is that the court erred in deducting $1,500 from appellant's recovery, which $1,500 represented the special benefits which appellant received by reason of the construction of the highway.

---

* After the award of the Commissioners was filed, the State deposited $2,000.00 in the registry of the court, which was withdrawn by appellant. The trial court's judgment did not include said $2,000.00, but by implication gave the State credit for said amount. Actually, the judgment of the trial court was for only $905.50. Our judgment adds $1,500.00 to the trial court's judgment, making a total recovery of $2,405.00 in addition to the $2,000.00 already received by appellant.

We are inclined to agree with appellant that any enhancement of the value of his remaining tract of land, which accrued by reason of special benefits received from the highway construction, was included in the jury's answer to Issue No. 3 in fixing the market value of appellant's remaining tract immediately after the taking.

Special Issue No. 3 was as follows: "Excluding increase in value, if any, and decrease in value, if any, by reason of benefits or injuries received by defendant in common with the community generally and not peculiar to him and connected with his ownership, and use and enjoyment of the remaining tract of land, and taking into consideration the uses to which the Condemned Land being taken is to be subjected, what do you find from a preponderance of the evidence was the cash market value of the remaining tract of land, immediately after the taking of the Condemned Land on or about July 23, 1958?"

The only elements which might increase or decrease the market value of the remainder which were excluded from the jury's consideration in answering No. 3 were the increase in value by reason of benefits which appellant received in common with the community generally and not peculiar to him and connected with his ownership and use of his remaining tract, and decrease in value by reason of injuries suffered by appellant in common with the community generally and not peculiar to him and connected with his ownership.

In State v. Carpenter, Tex.Com.App., 126 Tex. 604, 89 S.W.2d 194, 201, 979, the court suggested special issues which should be used in condemnation cases and the suggested Issue No. 3 was the same in substance as Issue No. 3 given in the case at bar. In the Carpenter case the court said: "It is of course settled that enhancement in market value of the residue of the land by reason of 'special benefits' is a legitimate offset to damages thereto, but not to the value of the part actually taken. The stat-

ute has not defined 'special benefits.' It has only undertaken to define community benefits and negatively authorizes all other benefits to be taken into account. A finding as to market value would include such benefits, and should do so. It should not include, however, value because of community benefits, and for this reason we have concluded that provision should be made in the charge for excluding such benefits. * * *"

■ We think the answers to Nos. 4 and 5 were immaterial, and it seems to be the law that the answers of the jury to immaterial issues should be disregarded by the trial court in rendering judgment. And they should be disregarded by the appellate court where the trial court considers them. Consolidated Underwriters v. Vargas, Tex. Civ.App., 113 S.W.2d 922; American Mut. Liability Ins. Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844; Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607; Alvey v. Goforth, Tex.Civ.App., 263 S.W.2d 313, reversed on other grounds 153 Tex. 449, 271 S.W.2d 404.

The jury found the market value of the land, after the taking, and one of the elements which they were specifically instructed to take into consideration was the use to which the condemned land was to be subjected. Market value includes all the matters which give property any value, and benefit accruing to appellant by the uses to which the condemned land was to be subjected is one of those matters, and we must assume that the jury took that element into consideration as they were specifically instructed to do.

The judgment is reformed by eliminating the $1,500 deduction from the market value of the remaining tract as found by the jury, making appellant's recovery $2,405.50, with interest from July 23, 1958, and, as reformed, the judgment is affirmed. The costs of appeal are adjudged against appellee.