**COTTON BELT GIN & MILL SUPPLY, INC., Appellant,**

v.

**ALLTEX PRECISION COMPANY, Inc., Appellee.**

**No. 7313.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 7, 1961.

Rehearing Denied Dec. 5, 1961.

Cedric G. Hamlin, Spafford, Ledbetter, Freedman, Hamlin & Gay, Dallas, for appellant.

G. H. Kelsoe, Jr., Daugherty, Bruner, Kelsoe & Thorp, Dallas, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Alltex Precision Company, Inc., sued defendant-appellant, Cotton Belt Gin and Mill Supply, Inc., for the making and fabrication of a stamping die, and for attorney's fees. The order for the die was placed on August 4, 1959, and delivery was to have been in eight weeks. The die was not delivered according to the purchase order, and has never been delivered. The appellee carried the die to the appellant's place of business three or four times for the purpose of delivering the same, but neither time would the die work, and it was carried back to the appellee's place of business. On December 29, 1959 the appellant notified the appellee that the purchase order was cancelled.

The case was tried before a jury. The appellee actually did not prove that the die was completed and delivered at any time prior to the date that appellant notified the appellee that the purchase order was cancelled. The foreman of the appellee testified at the trial that he carried the die to the appellant's place of business three or four times, neither time would it work, and each time he carried it back to the appellee's place of business. The appellant specially denied that it was indebted to the appellee in any sum, and further plead that the purchase order was cancelled on December 29, 1959, and that the consideration for said purchase had wholly failed. During the trial of the case, the appellee offered in evidence the letter of cancellation of the purchase order, without any limitations or restrictions. It appears that the appellee is bound by every statement made in the letter of cancellation. Lock et al. v. Morris, et al., Tex.Civ.App., 287 S.W.2d 500, wr. ref., n. r. e., and authorities cited therein.

The appellant brings forward five points of error. By point one it complains of the action of the trial court in overruling its motion for judgment non obstante veredicto. The evidence above enumerated, together with the evidence that each time the die was delivered to the appellant's place of business, it was voluntarily carried back to the appellee's place of business by the foreman of appellee, and the appellee had the die at the time of the trial, there

would be no completion and no delivery. Although Mr. Harper, President of the appellee, testified that Mr. Senter, President of the appellant, had accepted the die, which Mr. Senter positively denied, and the further fact that the appellee still has the die, does not prove that Mr. Senter had accepted it. The testimony of the foreman showed positively that the die was never completed. The letter of cancellation of December 29, 1959, being offered in evidence by the appellee definitely showed that the contract had been cancelled. Appellee proved this fact, and it is therefore uncontradicted. 46 Am.Jur. 393, Sec. 211. The appellee was supposed to deliver the die to the appellant's shop and install it in appellant's press, ready for use. What amounts to delivery is discussed in 37A Tex.Jur. 437, Sec. 209; Walker-Smith v. Jackson, (Tex.Civ.App.) 123 S.W.2d 993, err. dism., judgment correct. The point is sustained.

By its points Two and Three, appellant takes the position that the court erred in its judgment because appellant was justified in fact and in law in cancelling its purchase order. Time is the essence of the contract, and if appellant had waived the first eight week period it does not mean that appellee was granted an indefinite time in which to deliver the die. 37A Tex.Jur. 449, Sec. 213, and authorities therein cited. Under the proof offered by the appellee, there was work done on the die after the letter of cancellation had been received. There was no proof at the trial that the die was actually completed. It would be unfair to allow the appellee to recover in this action on the proof that it offered. 37A Tex.Jur. 562, Sec. 271. The points are sustained.

Appellant's fourth point is without merit and is overruled.

By its fifth point, appellant takes the position that the verdict of the jury and the judgment of the court is manifestly unjust and contrary to the great weight and preponderance of the evidence. We have examined the statement of facts in its entire-

ty and from what has heretofore been said, we think the point is well taken and must be sustained. King's Estate, 150 Tex. 662, 244 S.W.2d 660.

For the errors herein pointed out the judgment of the trial court is reversed and the cause is remanded.