The trial court, however, entered judgment as follows:

"Based on the jury verdict, the Court further finds that the plaintiff's earning capacity prior to his injuries was $18.-00 per day, or $126.00 per week, and the jury further found that the plaintiff was temporarily partially incapacitated for 28 weeks beginning August 2, 1959 and that during said period of temporary incapacity the plaintiff had an earning capacity of $99.00 per week, being a weekly loss of earning capacity in the sum of $27.00 per week, 60% of said amount being $16.20 per week for a total of 28 weeks, being the sum of $453.60."

This was error since computation of the award pursuant to subdivision (1) of Section 1 of Article 8309 requires the jury finding of average daily wage of $18.00 to be multiplied by 300 and divided by 52, with the resulting figure of $103.84 constituting the average weekly wage of respondent before his injury. The average weekly wage earning capacity of respondent after the injury having been found by the jury to be $99.00, under Section 11 of Article 8306 the loss of earning capacity was $4.84 weekly, 60 per cent of which is $2.90. Respondent should have been awarded $2.90 per week for the 28 weeks found by the jury to have been the period of partial incapacity, with a resulting award of $81.20.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is reformed to award respondent the sum of $81.20 for the period of his temporary partial incapacity, and such judgment as reformed is affirmed.

**Jack WADE, Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.**

No. 10848.

Court of Civil Appeals of Texas.

Austin.

Dec. 6, 1961.

Allo B. Crow, Jr., Austin, for appellant.

Ed Gossett, Whitney R. Harris, Joe L. Randle, Dallas, Clark, Mathews, Thomas, Harris & Denius, James H. Keahey, Conrad P. Werkenthin, Austin, for appellee.

ARCHER, Chief Justice.

This suit was brought by appellant against appellee seeking damages for loss of business and expenses alleged to have been caused by the omission of appellant's name from the "Yellow Pages" of appellee's December 1958 Austin Telephone Directory.

Trial was begun with a jury and at the end of appellant's evidence, the Court on appellee's motion, withdrew the case and entered judgment for appellee. It is from this judgment that the appeal is taken.

Appellant in his pleading relied, as a third party beneficiary, upon a written contract for directory advertising dated August 27, 1958, providing for the listing of appellant's name with Louis H. Owen's number GR 7–1019 under the heading of "Attorneys" in the "Yellow Pages" in the December 1958 directory, and alleged an oral contract which he had with A. F. Sturrock, on August 28, 1958, contending that under these contracts appellee agreed to carry appellant's listing, that appellee breached the contracts by omitting his name and telephone number from the directory and that the breach caused loss of business from his law practice in the sum of $7,600.-00 and certain expenses in an amount of $2,300.00. Appellant's office and home telephone numbers were listed with his name in the white pages of the directory.

Appellee does not deny that appellant's name was not listed in the classified section of the December 1958 Austin Telephone Directory, but does contend that a directed verdict was properly granted at the close of appellant's evidence because appellant failed to prove any damages; that the limitation of liability clause precludes recovery under the written contract as a matter of law, and that appellant failed to prove any oral contract with appellee under which he may recover damages.

Appellant sought recovery for (1) $500.-00 for loss of time and inconvenience, (2) $1,800.00 for damages for having obligated himself to share office rent, expenses and purchase law books in reliance upon being listed in the "yellow pages", and (3) $5,-000.00 for loss of law business during the year 1959 and $2,600.00 for future loss of business. Appellant did not produce any evidence in support of his claim for loss of time. Upon being questioned on how he arrived at a figure of $500.00 appellant answered that he did not recall, just guessed at it, he imagined.

There was no evidence in support of the claim for $1,800.00 for office rent, expenses and law books, appellant testifying that he could not tell of any expense that he incurred as a result of being left out of the yellow pages, and on being questioned as to why he moved out of the office he replied that law practice wasn't too profitable and he needed to cut down on expenses and moved to a smaller office.

Appellant's claim was for damages for loss of business from his law practice, claim for lost profits under the law of damages, and sought $5,000.00 for loss of business in the year 1959 and $2,600.00 for future loss of business.

■ Appellant did not meet the test in proving damages. The following rules apply to the proof of damages in a suit for loss of profits resulting from breach of contract:

First, plaintiff must prove that he actually did lose some business as a result of the alleged breach of contract.

Second, plaintiff must show that this loss of business resulted in a loss in his net profits for it is only loss of profits for which the law allows recovery.

Third, plaintiff must establish this loss of net profits with a reasonable degree of certainty for recovery may not be had where proof of lost profits is uncertain or speculative, especially where the claim is based upon alleged breach of an advertising contract.

■ The testimony relied on to establish his loss was that during the entire year of 1958 he collected a total of $790.00 in legal fees and that his income from the practice of law during the year 1959 was in gross $3,122.49.

Appellant called several witnesses, none of whom supported appellant's claim for damages, and all of whom testified that when they sought to contact appellant they did so, with or without regard to the listing, or lack of listing in the yellow pages.

■ The burden was upon appellant to allege and prove the loss of profits and that such loss resulted from the alleged breach of contract by appellee and that such loss of profits must be established with a reasonable degree of certainty and cannot be left to speculation. Augustine v. Southern Bell Telephone & Telegraph Company, Fla., 91 So.2d 320; 17 Tex.Jur.2d, Damages, Sec. 229, p. 290; Whiteside v. Trentman, 141 Tex. 46, 170 S.W.2d 195; Mitchell v. Southwestern Bell Telephone Company (St. Louis Ct. of App., Mo.), 298 S.W.2d 520.

There was no proof of loss of any particular piece of business. Appellant had not been in the practice of law but for a year or two and was new to the practice and could not establish to any degree of certainty, his loss, which the law demands, but such claim for loss as offered was wholly speculative. Southwestern Battery Corporation v. Owen, 131 Tex. 423, 115 S.W.2d 1097.

We believe that the motion for directed verdict was properly granted, because there was no issue before the jury on damages supported by evidence. The basis for an instructed verdict is summarized in McDonald, Tex.Civ.Practice, Vol. 3, p. 1031; Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 13 A.L.R.2d 1; Webb v. Karsten, Tex.Civ.App., 308 S.W.2d 114, no writ history.

Mr. Owens testified that he had agreed to pay $1.00 per month for the listing under the contract for Mr. Wade's listing but that he had not made such payments.

Appellant was not a party to the contract, he adopted it by bringing suit thereon and introducing it in evidence and had to accept the contract as it was made. Western Union Telegraph Co. v. Douglass, 104 Tex. 66, 133 S.W. 877; Purcell v. Metropolitan Casualty Insurance Co. of New York, Tex. Civ.App., 260 S.W.2d 134, no writ history.

The appellant contends that the contract for listing was an oral one had with A. F. Sturrock the day after the date of the written contract was executed; that he had heard Mr. Sturrock was a representative of the Telephone Company and that such agreement was had for a listing in the yellow pages for $1.00 per month; that nothing was had in writing but was strictly a conversation between Mr. Sturrock and the appellant. Such an oral conversation having been had on the day following the written contract confirmed the order which Owen had already given and was not sufficiently definite to support the cause of action. Universal Credit Co. v. Cole, Tex.Civ. App., 146 S.W.2d 222, no writ history; National Cash Register Co. v. Wichita Frozen Food Lockers, 172 S.W.2d 781, Tex. Civ.App., affirmed 142 Tex. 109, 176 S.W. 2d 161.

The contract of listing was introduced in evidence by appellant and he is precluded by the limitation of liability clause of the contract, which is as follows:

> "4. The applicant agrees that the telephone company shall not be liable for errors or omissions in directory advertising beyond the amount paid for the item or items omitted, or in which errors occur, for the issue life of the directory involved."

Limitation of liability clauses of this type have been upheld in a number of cases. Russell v. Southwestern Bell Telephone Co., 130 F.Supp. 130 (E.D.Tex.1955); Faber v. Southwestern Bell Telephone Co., 155 F.Supp. 162 (S.D.Tex.1957).

■ We are conscious of the rule that in an instructed verdict case that the presumptions are in favor of the losing party and every intendment reasonably deducible from the evidence must be indulged in favor of such party and against the instruction. As we have stated, appellant in his testimony did not raise a fact issue to go to a jury, but is so meager that reasonable men could not differ as to the conclusion that the proposition or theory of recovery is not established.

The judgment of the Trial Court is affirmed.

Affirmed.