J. F. PIGG et al., Appellants,

v.

INTERNATIONAL HOSPITALS, INC., et al., Appellees.

No. 16976.

Court of Civil Appeals of Texas.

Dallas.

Oct. 20, 1967.

Rehearing Denied Nov. 17, 1967.

Wm. Andress, Jr., Andress, Woodgate & Condos, Dallas, for appellants.

Philip I. Palmer, Sr., of Palmer, Green, Palmer & Burke, Dallas, for appellees.

BATEMAN, Justice.

The principal questions here presented concern the asserted liability of appellees to appellants under certain alleged employment contracts. International Hospitals, Inc. (herein called Hospitals) brought the suit against appellants for an injunction and for damages. The injunction was granted and, since it is not complained of here, will not be noticed further. The appellants J. F. Pigg and Gertrude Flanagan filed a cross-action against Hospitals and its sole stockholder, Richard L. Mackay. Mrs. Flanagan claimed the balance of unpaid salary alleged to be due under a written contract between her and Hospitals, and Pigg claimed a 10 per cent interest in the stock of Hospitals and, in the alternative, the reasonable value of services rendered by him and for a reasonable attorney's fee.

There was evidence to support Pigg's claim that he had been employed by Mackay in connection with the purchase and equipping of the hospital and that Mackay orally promised Pigg a 10 per cent interest in the hospital and also $1,000 per month for his services and expenses.

Mrs. Flanagan's contract was in writing and provided for her employment by Hospitals for one year at a specified salary and that her dismissal "prior to one year shall be cause for the full payment" for her services for the entire year. She worked only a few months, for which her salary was paid, and was then discharged by Mackay. The contract was signed for the corporation by Pigg as its secretary, although there was no evidence that he was ever elected to that office by the board

of directors, or that he was specifically authorized to sign the contract on behalf of the corporation. There was evidence to the effect that Mackay knew of the contract and was present when it was signed, although this was denied by Mackay.

Material jury findings were: (3) Mackay agreed that Pigg was to receive $1,000 a month for his services until such time as the hospital opened; (4) Pigg received such $1,000 a month; (5) on or about June 6, 1963 appellants withheld possession of the premises without authority, but (6) the corporation suffered no damages by reason thereof; (8) on or about June 6, 1963 appellants had certain locks of the hospital changed without Mackay's authority; (9) from which the corporation suffered damages (10) of $105; (11) Pigg did not have actual or (12) apparent authority to enter into the employment contract with Mrs. Flanagan; (13) Mackay did not know about that contract before June 2, 1963; (14) Mackay did promise Pigg a 10 per cent interest in Hospitals; (15) the reasonable value of Pigg's services in connection with the negotiation and development of the hospital was $9,000; and (17) a reasonable fee for services rendered Pigg by his attorneys was $15,000.

The trial court, on motion of appellees, disregarded the answers of the jury to Special Issues Nos. 15 and 17, and rendered judgment as follows: in favor of Hospitals against the appellants jointly and severally for $105; decreeing that Pigg is the owner of, and that he recover from Mackay, 10 per cent of the total outstanding capital stock of Hospitals; and that appellants take nothing further by their cross-action.

Appellants' first three points of error challenge the denial of Mrs. Flanagan's claim on the grounds that (1) since appellees themselves introduced her contract into evidence without limitation Mrs. Flanagan became entitled to judgment thereon as a matter of law; (2) in the absence of a sworn denial of Pigg's authority to execute the Flanagan contract on behalf of the hospital she was entitled to judgment as a matter of law, and (3) that the court abused its discretion in permitting appellees, after close of the evidence, to file a trial amendment denying Pigg's authority under oath. The appellant Flanagan argues that when counsel for Hospitals introduced in evidence the written contract she was relying upon, without limitation and without stating the purpose for which it was being introduced, it was binding on Hospitals and she became entitled as a matter of law to an instructed verdict and judgment for the full amount of the salary provided for therein.

The general rule relied on by Mrs. Flanagan is thus succinctly stated in 20 Am.Jur., Evidence, § 915, p. 771:

"Ordinarily, a party who introduces documentary evidence is not allowed to impeach or contradict it or to accept a part which is in his favor and repudiate another part which is opposed to his claim or defense. One introducing documentary proof bearing upon an issue vouches for its accuracy so far as that issue is concerned and is, as a general rule, bound by its recitals for all purposes."

This rule is recognized by numerous Texas authorities.*

* Lock v. Morris, 287 S.W.2d 500 (Tex.Civ. App., Texarkana 1956, writ ref'd n. r. e.); Seifert v. Brown, 53 S.W.2d 117 (Tex. Civ.App., El Paso 1932, writ ref'd); Horwitz v. Jefferson County Traction Co., 188 S.W. 26 (Tex.Civ.App., Beaumont 1916 writ ref'd); Moser v. McLemore, 266 S.W.2d 253 (Tex.Civ.App., Amarillo 1953, no writ); Goss v. Phillips, 292 S.W.2d 700 (Tex.Civ.App., Texarkana 1956, no writ); Freed v. Bozman, 304 S.W.2d 235 (Tex.Civ.App., Texarkana 1957, writ ref'd n. r. e.); Cotton Belt Gin & Mill Supply, Inc. v. Alltex Precision Co., 351 S.W.2d 369 (Tex.Civ.App., Texarkana 1961, no writ); Wade v. Southwestern Bell Telephone Co., 352 S.W.2d 460, 92 A.L.R. 2d 913 (Tex.Civ.App., Austin 1961, no writ).

However, there are certain well defined exceptions to the general rule. One of these is that a party who introduces a document in evidence is not precluded from impeaching it by evidence which goes to its validity. In Topletz v. Thompson, 342 S.W.2d 151 (Tex.Civ.App., Dallas 1960, no writ) the appellee sought to set aside a certain trustee's deed, and it was contended on appeal that since the appellee had offered the trustee's deed in evidence without limitation he was bound by its recitals. After recognizing the general rule stated above, we held:

"Appellee is not bound by the recitations in the trustee's deed though he offered it in evidence without limitations, *since his pleadings presented a challenge to the validity of the deed* on the grounds of fraud. Dupree v. Quinn, Tex.Civ.App., 290 S.W.2d 329; Universal Credit Co. v. Boling, Tex.Civ.App., 108 S.W.2d 836; Colgrove v. Falfurrias State Bank, Tex. Civ.App., 192 S.W. 580; Amer.Jur. 771." (Italics ours.)

Other Texas cases recognizing exceptions to the general rule are: Jenkins v. Tanner, 166 S.W.2d 167 (Tex.Civ.App., Amarillo 1942, no writ); Ballard v. Aetna Casualty & Surety Co., 391 S.W.2d 510 (Tex.Civ.App., Corpus Christi 1965, writ ref'd n. r. e.); Hillman v. Hillman, 138 Tex. 111, 157 S.W.2d 143 (1941); Masterson v. Bouldin, 151 S.W.2d 301 (Tex.Civ. App., Eastland 1941, writ ref'd); Trice Production Co. v. Dutton Drilling Co., 333 S.W.2d 607 (Tex.Civ.App., Houston 1960, writ ref'd n. r. e.).

The case at bar was tried in December 1966. For more than three years prior thereto Hospitals had had on file a pleading specially denying that it ever entered into any contract in writing with Mrs. Flanagan for services rendered or to be rendered by her, or that it ever authorized any person or officer so to contract with her. Not only had it thus pled the lack of anyone's authority to make such a contract on its behalf, but the entire record of testimony

offered by Hospitals makes it obvious that it was unequivocally denying the validity of the contract because of Pigg's lack of authority to execute it. There was ample evidence to support the jury findings that he had neither actual nor apparent authority to do so. Under these circumstances, we decline to hold that the corporation thus vouched for the validity of the very contract it was seeking to prove invalid. The case clearly comes within an exception to the general rule relied on by appellants.

It is true that the denial of Pigg's authority was not verified by affidavit pursuant to Subdivision (h) of Rule 93, Texas Rules of Civil Procedure. However, the appellants went to trial with that pleading on file and did not, at any time prior to the close of the evidence, specifically point out, by motion, special exception or otherwise, that the pleading was defective because not verified. After the evidence was closed, counsel for appellants for the first time brought this defect to the court's attention, shortly after which leave to file the trial amendment was granted. We hold that this was well within the meaning and intent of Rule 66, T.R.C.P., and that appellants waived the "defect, omission or fault" in the pleading, within the contemplation of Rule 90, T.R.C.P., and that the court did not commit reversible error in allowing the filing of the trial amendment. Wade v. Superior Ins. Co., 244 S.W.2d 893 (Tex.Civ.App., Eastland 1951, writ ref'd); Leon Farms Corp. v. Beeman, 240 S.W.2d 433, 436 (Tex.Civ.App., El Paso 1951, writ ref'd n. r. e.); Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W.2d 989 (1948).

Accordingly, appellants' first three points of error on appeal are overruled.

By their fourth and fifth points of error appellants assert that since there was competent evidence to support the verdict, and a directed verdict for the appellees would not have been proper, the court erred in rendering judgment *non obstante vere-*

*dicto* in favor of appellees. These points are without merit for the simple reason that no judgment *non obstante veredicto* was rendered in this case. Rule 301, T.R.C.P., authorizes the court to disregard any special issue jury finding that has no support in the evidence. It has been held repeatedly that a jury finding which is immaterial to the real issues in the case, even though supported by evidence, may likewise be disregarded. First American Life Ins. Co. v. Slaughter, 400 S.W.2d 590 (Tex.Civ.App., Houston 1966, writ ref'd n. r. e.); Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607 (1952); Owens v. State, 342 S.W.2d 183 (Tex.Civ.App., Fort Worth 1961, no writ).

■ The appellant Pigg says the trial court improperly disregarded the answers to Special Issues Nos. 15 and 17, wherein the jury found the reasonable value of his services at $9,000 and the value of his attorney's services at $15,000. We do not agree with appellant. The first cause of action he asserted was upon Mackay's alleged promise to him of a 10 per cent interest in the hospital, when organized and incorporated, for his services. He sought no attorney's fee in connection with this cause of action. His second cause of action, for the reasonable value of his and his attorneys' services, was asserted only in the alternative. It was proper for the court to submit issues on both causes of action unconditionally in order that a proper judgment might be rendered on the verdict regardless of what the jury might find with respect to the alleged contract for an interest in the hospital. Hodges on Special Issue Submission in Texas, p. 3; Montgomery v. Gay, 222 S.W.2d 922 (Tex.Civ.App., Fort Worth 1949, writ dism'd); Johnson Aircrafts, Inc. v. Eichholtz, 194 S.W.2d 815 (Tex.Civ.App., Fort Worth 1946, writ ref'd n. r. e.). The jury found in Pigg's favor on his first cause of action and judgment was rendered in his favor accordingly. Having recovered the full amount sought in his suit on contract, he would not be entitled to recover either for his services or the attorney's fee on his alternative cause of action on *quantum meruit*. Roby Industries, Inc. v. Maxwell Electronics Corp., 409 S.W.2d 559, 564 (Tex.Civ.App., Dallas 1966, writ ref'd n. r. e.). Therefore, the findings in question were immaterial and were properly disregarded. Appellants' fourth and fifth points are accordingly overruled.

■ By his sixth point of error Pigg asserts that that part of the judgment which awarded him a 10 per cent interest in the hospital was "a nullity and should have been a personal judgment against Mackay for their value as found by the jury in the amount of $9,000.00." This is based upon undisputed evidence, adduced at the trial, that during pendency of the suit Hospitals had ceased to operate and had been dissolved at a time when Mackay owned all of its stock. Pigg argues that Mackay, having made it impossible for the corporation to perform the judgment of the court, should be made to respond in money damages. He says we should render judgment in his favor against Mackay for the $9,000 found by the jury to be the value of Pigg's services. We cannot do this. The only authority we have to render a judgment in an appealed case is to render the judgment which the trial court should have rendered. Rule 434, T.R.C.P. The trial court could not have rendered such a judgment because no such cause of action was ever asserted in the trial court. Therefore, the sixth point of error is overruled.

By their seventh and eighth points of error appellants complain of the rendition of judgment in favor of Hospitals against them jointly and severally for $105 because (7) there is no pleading and (8) no evidence to support this recovery. We sustain both points. Hospitals alleged that it had been damaged in the sum of $50,000 "by adverse publicity and advertising, by disruption of its organization, by delay of its time of opening for services to the general public." There is no pleading of

damage by reason of the changing of locks of the hospital; neither do we find any evidence of such damage.

The judgment of the trial court is reformed by deleting therefrom the recovery by International Hospitals, Inc. against the appellants J. F. Pigg and Gertrude Flanagan, jointly and severally, in the sum of $105, with interest thereon; and the judgment, as reformed, is affirmed. Costs are taxed against the appellants.