Lana Vonne SHARP, Appellant,

v.

G. C. STACY et al., Appellees.

No. 4805.

Court of Civil Appeals of Texas, Eastland.

July 11, 1975.

Rehearing Denied Aug. 8, 1975.

Ben D. Sudderth and Keith Woodley, Comanche, for appellant.

Virgil T. Seaberry, Eastland, for appellees.

WALTER, Justice.

Lana Vonne Sharp, Vicky Don Stacy, and Charles Van Stacy, also described in the judgment as Charles *Von* Stacy, filed suit against G. C. Stacy, E. V. Stacy, E. J. Stacy, C. D. Stacy, and Maud Stacy for title and possession to the Southeast quarter of Section 13, Block 1, H. & T. C. Ry. Co. Survey in Eastland County, Texas. The special issues submitted to the jury were answered favorably to the plaintiffs. Defendants' motion to disregard the jury's findings and for judgment non obstante veredicto was granted. The plaintiffs have appealed contending the court erred in disregarding said findings and granting judgment non obstante veredicto.

Charles Henry Stacy and wife, Maud Stacy had record title to the 160 acre tract of land. Charles Henry Stacy died intestate in 1957. He was survived by his widow, Maud Stacy, and the following children: Charles Junior Stacy, G. C. Stacy, E. V. Stacy, E. J. Stacy and C. D. Stacy. Charles Junior Stacy died intestate in 1973, and was survived by his widow, Ramona Maxine Stacy, and the following children: Lana Vonne Sharp, Vicky Don Stacy and Charles Stacy.

This suit was instituted by Junior Stacy's widow and his children against the above named defendants. Junior Stacy's widow deeded her interest in the property to the children after the suit was filed and she was dismissed from the case. Plaintiffs allege prior to December 11, 1941, Charles Junior Stacy and his father and mother entered into an agreement that the land would be purchased in the parents' names but that Charles Junior Stacy would pay for it. Pursuant to such agreement J. B. Brandon and wife conveyed the land to Charles Henry and Maud Stacy; that Junior Stacy went into possession of the land; worked the land and used the money derived from his labor in paying for it; Charles Henry

and Maud Stacy held legal title but the equitable ownership was vested in Junior Stacy. The plaintiffs allege that under these circumstances they are entitled to a judgment declaring them to be the equitable and beneficial owners of the fee simple title.

The defendants pleaded not guilty and asserted that the plaintiffs' cause of action was barred by the Statute of Frauds.

The jury found that Charles and Maud Stacy made an oral agreement with Junior Stacy whereby Junior Stacy was to go into possession of and work the land in question and use the money derived therefrom to pay for same and in return Charles and Maud Stacy were to convey the land to Junior Stacy; that Junior Stacy went into possession of the land; that Junior Stacy worked the land and used the money to pay for the land; that Junior Stacy made valuable improvements pursuant to said agreement; that said improvements were made in "good faith belief" that the property was his; that Junior Stacy's possession of the land was exclusive and adverse to Charles Stacy and Maud Stacy; that Junior Stacy placed such permanent improvements on the land relying upon the representation that such land would be given to him and that the fair and reasonable cost of such improvements was $10,000.

The appellants contend the record contains some evidence of probative force to support the jury's answers. They also contend such evidence satisfies all the requirements of *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114 (1921), to remove a parol sale of land from the operation of the Statute of Frauds.

In *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974), the court said:

"When a party asserts that there is no evidence to support jury findings, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the

findings, and rejecting the evidence and inferences contrary to the findings. *Butler v. Hanson*, 455 S.W.2d 942 (Tex.1970); *Langlotz v. Citizens Fidelity Insurance Company*, 505 S.W.2d 249 (Tex.1974). It would be our duty to affirm the judgment of the Court of Civil Appeals if the evidence offered to show negligence were proven to be no more than a scintilla of proof. Thus if the evidence created nothing more than a mere surmise or suspicion of the existence of negligence, such evidence would be, in legal effect, no evidence. *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059 (1898). But if negligence may be reasonably inferred from direct evidence, then there is more than a scintilla of evidence. Calvert, 'No Evidence' and 'Insufficient Evidence' Points of Error, 38 Texas Law Review 361, 363 (1960)."

In *Hooks v. Bridgewater, supra,* 229 S.W. at page 1118 the court said:

"The opinion in *Wooldridge v. Hancock,* 70 Tex. 18, 6 S.W. 818, discloses that the court had in mind those very situations where, as here, the parol agreement did not contemplate the surrender of the possession of the land in the lifetime of the owner; but it held that alone to be a sufficient reason for denying the enforcement of the agreement. The opinion declares that where an owner of land makes a verbal sale or gift of it to take effect after his death but retains the possession, no title is acquired, 'for it is essential, in case of parol gift or sale of land, that possession should accompany or follow the gift or sale; and there being no intention to part with the title—as was true of Davis—until some indefinite time in the future, there could be no exclusive adverse possession as against the owner, which seems to be necessary in order' to ripen into a title."

One of the principal questions to be decided in this case is whether there is any evidence to support the jury's answer that the possession of Junior Stacy of the land in question was exclusive and adverse to Charles Henry and Maud Stacy.

Charles Henry and Maud Stacy purchased the land in question in 1941 when Junior Stacy was about fifteen years of age. They moved on the place in 1943 and were living there when Mr. Stacy died in 1957. Mrs. Stacy has never lived on any other place since they moved there and was still residing there at the time of trial, claiming it as her homestead.

Junior Stacy was married in 1945. He and his wife lived on the place for about one month after they were married. Junior Stacy farmed the land and made improvements to the land from the time he was married until his death except two or three years when he was not able to do so.

■ The evidence establishes conclusively that Junior Stacy's possession of the land in question was not exclusive and adverse. *Thornton v. Central Loan Co.,* 164 S.W.2d 248 (Tex.Civ.App.—Austin 1942, writ ref.); *Munk v. Weidner,* 9 Tex.Civ.App. 491, 29 S.W. 409 (1895, no writ), and *Leverett v. Leverett,* 59 S.W.2d 252 (Tex.Civ.App.—Texarkana 1933, writ ref.).

Appellants contend that even though the oral agreement for the sale of the land is barred by the statute of frauds, they are nevertheless entitled to recover for the improvements. Their claim for improvements included net wire fencing, barbed wire fencing, stock tank, metal gates and other improvements.

The appellants' pleadings and proof concerning improvements reveal some were made before Charles Henry Stacy died intestate in 1957 and some were made subsequent to his death. Appellants pleaded the fair and reasonable cost of improvements at the time of making them and also alleged the improvements increased the value of the land in the amount of $15,000.00. The appellants had the burden of pleading, proving, and securing jury findings that the improvements increased the value of the

land. They have a finding, in answer to special issue number 8, that the fair and reasonable cost of such improvements in Eastland County was $10,000.00. This issue was objected to as being immaterial and not a proper element of damages.

■ We find that special issue number 8 was an immaterial issue and the court was authorized in granting the judgment notwithstanding the verdict. In *Lynch v. Lynch,* 130 S.W. 461 at page 464 (Tex.Civ. App.—1910) the court said:

". . . The only testimony as to the value of the improvements was the cost to Calvin Lynch and his second wife of making same. In determining the allowance, if any, to be made to appellants on account of the improvements, not their cost, but the increased value of the land because of them, controlled. *Spicer v. Henderson,* Tex.Civ.App., 43 S.W. 27; *Thomas v. Quarles,* 64 Tex. 491, 493; *Herndon v. Reed,* 82 Tex. 647, 653, 18 S.W. 665."

In *Pigg v. International Hospitals, Inc.,* 421 S.W.2d 169 (Tex.Civ.App.—Dallas 1967, writ ref. n. r. e.), the court said:

". . . Rule 301, T.R.C.P., authorizes the court to disregard any special issue jury finding that has no support in the evidence. It has been held repeatedly that a jury finding which is immaterial to the real issues in the case, even though supported by evidence, may likewise be disregarded. *First American Life Ins. Co. v. Slaughter,* 400 S.W.2d 590 (Tex.Civ. App., Houston 1966, writ ref'd n. r. e.); *Schiller v. Rice,* 151 Tex. 116, 246 S.W.2d 607 (1952); *Owens v. State,* 342 S.W.2d 183 (Tex.Civ.App.—Fort Worth 1961 no writ)."

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.