**H. I. GETZ, Appellant,**

v.

**Mrs. E. V. COLLINS, Appellee.**

**No. 6963.**

Court of Civil Appeals of Texas.

Texarkana.

May 23, 1957.

Gerald S. Gordon, Houston, for appellant.

Milton H. Mulitz, Houston, for appellee.

DAVIS, Justice.

This is a suit by Mrs. E. V. Collins, a widow, to remove as cloud upon title a mechanic's and materialman's lien dated February 16, 1951, upon a certain lot in the City of Houston, Harris County, Texas, and a deed of trust lien of the same date upon the same property, both of which instruments were executed by Mrs. Collins to H. I. Getz. The liens were executed to secure a note given by Mrs. Collins for repairs and improvements to be placed upon the property by Getz. A contract was originally executed between Mrs. Collins and Getz on January 15, 1951, for the repairs and improvements and this original contract was merged into the mechanic's and materialman's lien dated February 16, 1951. Under the contract, Mrs. Collins was to pay Getz $3,140 as the work progressed and was then to pay a note in the sum of $4,000 at the rate of $90 per month. The note that was executed for $4,200 included $200 which was supposedly included for transfer expenses in event the note and liens were sold. It was stipulated upon the trial of the case that Mrs. Collins paid to Getz as the work progressed a sum of money in excess of $3,100 and not more than $3,300. In the course of the stipulation the following question was asked and answer given:

"The Court: What you are stipulating, do you stipulate that you were paid something less than $3300.00, which was in complete and full payment for all the work which was performed under the contract up to the date the performance ceased?

"Mr. Gordon: Yes, sir, up to the time the performance ceased."

According to the testimony of Mrs. Collins, Getz walked off the job on February 17, 1951, and refused to return and complete the same. Getz gave as his reason for refusing to return and complete the job that Mrs. Collins did not have a merchantable title upon the property and he could not sell the note and liens, and testified that when he found out he could not pledge or sell the note and liens he quit the job. Getz further testified that after he had received approximately $3,300 from Mrs. Collins, and spent it, he walked off the job and would not complete it.

The case was tried before the court, without a jury, and Mrs. Collins and Mr. Getz were the only two witnesses who testified. The trial court filed findings of fact and conclusions of law in favor of Mrs. Collins, and without quoting the same, suffice it to say his findings of fact were fully supported by the evidence in the case. Judgment was rendered removing as cloud from title the mechanic's and materialman's lien and the deed of trust lien, and Getz appealed.

Appellant brings forward four points of error. By Point 1 he complains of the action of the trial court in admitting into evidence the contract dated January 15, 1951, which contract was not recorded and was merged in the February 16, 1951, contract, because the prior contract has not been specifically pleaded by (sic) *appellant* (unquestionably intended to be *appellee*). Be that as it may, the prior contract was proven without objection and the only objection made at the time it was offered was "because they were merged in the subsequent executed contract of the parties

* * *." There being no objection to the admission of the instrument upon the ground that it was not specifically pleaded, the error, if any, was waived. See decisions collated in Vernon's Ann.Texas Rules of Civil Procedure, Vol. 3, p. 95, under Rule 373, Note 1. The point is overruled.

By Point 4 appellant complains of the action of the trial court in refusing to allow appellant damages for loss of profits. Under the stipulation, the evidence, and the findings of fact of the trial court, no loss of profits was shown. No authority whatever is cited in support of this point, and it is overruled.

It is seriously doubtful that Points 2 and 3 actually state a point of error. We have carefully examined the record in the light of the alleged errors in each point, find them to be wholly without merit, and they are respectfully overruled.

Appellant argues the question of no evidence and insufficiency of evidence, but no assignments of error are made upon this ground. Therefore, such assignments, if any, have been waived.

Finding no error in the record, the judgment of the trial court is affirmed.