**W. W. MONTGOMERY d/b/a Montgomery Tractor Company, Appellant,**

v.

**FUQUAY–MOUSER, INC., d/b/a Red River Farm Supply, Appellee.**

No. 8888.

Court of Civil Appeals of Texas, Amarillo.

May 31, 1978.

D. J. Brookreson, Seymour, for appellant.

Malone & Heatly (Don Ross Malone), Vernon, for appellee.

DODSON, Justice.

The holder of an unpaid purchase money lien brought this action for a writ of possession of a tractor against the original purchaser Otis Johnson and a subsequent purchaser W. W. Montgomery d/b/a Montgomery Tractor Company. The seller-lienholder, Fuquay-Mouser, Inc. d/b/a Red River Farm Supply, took a default judgment against Otis Johnson and proceeded against W. W. Montgomery who was in possession of the tractor. Montgomery contested Fuquay-Mouser's right to repossess the tractor, alleging that the plaintiffs had waived their lien and were estopped from asserting it. At trial the jury failed to find either issue in defendant's favor. Accordingly, the trial court entered judgment granting a writ of possession to Fuquay-Mouser. On appeal Montgomery attacks the factual sufficiency of the evidence supporting the jury's negative answers on the issues of waiver and estoppel. We affirm the trial court's judgment.

On June 25, 1975, Fuquay-Mouser sold a Massey-Ferguson tractor and chisel plow to Otis Johnson. Johnson executed a retail installment contract and security agreement for $23,700 creating a purchase money lien on the equipment. After perfecting the lien Fuquay-Mouser assigned it to Massey-Ferguson Credit Corporation.

When Johnson decided to sell the tractor he and Fuquay-Mouser arranged for W. W. Montgomery to sell it at auction. Montgomery was advised of the purchase money lien. When the tractor did not sell at auction Montgomery agreed to purchase it from Johnson for $16,900. Montgomery's check in that amount was payable solely to Johnson. Johnson subsequently paid Massey-Ferguson Credit Corporation $7,900 under the installment contract; however, there is no evidence in the record that Massey-Ferguson knew that Johnson had sold the tractor. After unsuccessfully attempting to obtain further payment from Johnson, Massey-Ferguson reassigned the contract to Fuquay-Mouser who brought this action for possession of the tractor.

■ A security agreement is effective between parties and against purchasers of the collateral. Tex.Bus. & Comm.Code Ann. § 9.201 (Supp.1978). The security interest continues in collateral after it is sold unless the disposition was authorized by the secured party. Tex.Bus. & Comm.Code Ann. § 9.306(b) (Supp.1978). Thus, absent such authorized transfer, the transferee takes subject to the security interest and the secured party may maintain an action against him. *See* Comment 3 Tex.Bus. & Comm.Code Ann. § 9.306 (1968) and *White-Sellie's Jewelry Co. v. Goodyear Tire & Rubber Co.,* 477 S.W.2d 658, 661 (Tex.Civ. App.—Houston [14th Dist.] 1972, no writ). Among the defenses available to a purchaser of goods encumbered by a security interest are the § 9.306(b) defense that the secured party authorized its disposition and the defense that the security interest was waived. *Weisbart & Co. v. First National Bank of Dalhart, Texas,* 568 F.2d 391, 396 (5th Cir. 1978).

■ The defenses asserted in this case were that Fuquay-Mouser was estopped from enforcing its security interest and that the security interest had been waived. Montgomery had the burden of persuading the trier of fact on these affirmative defenses. He does not bring forward points asserting that he conclusively established waiver and estoppel as a matter of law. Therefore, Montgomery's complaint on appeal is essentially that the jury's negative answers are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. *Traylor v. Goulding,* 497 S.W.2d 944, 945 (Tex.1973).

■ Although we have viewed all of the evidence, both favorable and unfavorable, we cannot say that the jury's answer to each of these issues was so against the great weight of the evidence as to be manifestly unjust. There is no evidence, or at most insufficient evidence in the record that could have supported an affirmative jury answer on the issue of estoppel. Moreover, the jury's failure to make an affirmative finding does not need to be supported by affirmative evidence. *Traylor v. Goulding, supra.*

■ Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming it, with full knowledge of the material facts. *Massachusetts Bonding and Insurance Co. v. Orkin Exterminating Company,* 416 S.W.2d 396, 401 (Tex.1967); *Ford v. Culbertson,* 158 Tex. 124, 308 S.W.2d 855, 865 (1958). The jury's answer to the issue on waiver is not against the great weight and preponderance of the evidence because there was no showing that either Massey-Ferguson or Fuquay-Mouser ever consented to a private sale of the tractor that left the lien unsatisfied. There is no evidence that the note holder, Massey-Ferguson, knew of the tractor's sale either at the time it was placed with Montgomery for sale or subsequently when they accepted the $7,900 paid by Johnson under the installment contract. Although Fuquay-Mouser was not the lienholder during the period of events said to constitute waiver, the evidence does not indicate that Fuquay-Mouser knew that the tractor was privately sold without the lien being satisfied, or that Johnson had later paid $7,900 to Massey-Ferguson. In short, the record does not establish that either Fuquay-Mouser or the prior lienholder, Massey-Ferguson, intentionally and knowingly waived their security interest in the tractor.

Accordingly, we cannot say that the jury's answer to the special issues on estoppel and waiver were against the great weight of the evidence before them. Appellant's points of error are overruled. The judgment of the trial court is affirmed.