**Willie Earl CHUMLEY, Appellant,**

v.

**Carolyn HALL, Appellee.**

No. 20381.

Court of Civil Appeals of Texas, Dallas.

June 24, 1980.

Rehearing Denied July 15, 1980.

James A. Martin, Burt Barr, Dallas, for appellant.

Colleen A. Dunbar, Dallas, William A. Mazur, Grand Prairie, for appellee.

Before GUITTARD, C. J., and ROBERTSON and HUMPHREYS, JJ.

ROBERTSON, Justice.

This appeal concerns a suit to establish paternity. After a nonjury trial, the court entered judgment declaring appellant to be the father of appellee's child. Appeal is from that judgment. We affirm.

Appellant's first two points of error are that the court erred in finding he was the father of the child and that it erred in so finding based on a blood test. In reviewing points that simply complain of error in findings without further specificity, we need determine only the legal sufficiency of the evidence to support those findings. *Chemical Cleaning, Inc. v. Chemical Cleaning & Equipment Service, Inc.*, 462 S.W.2d 276, 277 (Tex.1970); *Shaw's D. B. & L., Inc. v. Fletcher*, 580 S.W.2d 91, 93–94 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ).

We find that some evidence exists in the record to support these findings. An expert in forensic serology testified that a blood test of appellant, appellee, and appellee's child showed 96.1% plausibility of paternity; other witnesses testified that appellant had directly and indirectly acknowledged that he was the father of appellee's child, and; the evidence showed that appellant had access to and had sexual relations

with appellee approximately nine months before the birth of the child.

Appellant argues that rather than showing 96.1% plausibility of paternity the expert's testimony establishes impossibility of paternity. We have reviewed this testimony and find no support for appellant's argument. Neither do we find the legal authority cited by appellant to be relevant to this argument. We recognize that a blood test can never establish paternity with complete certainty; however, nothing in the record indicates that this blood test or the expert's testimony based thereon was taken by the trial court as conclusive proof of paternity, nor do we consider it as such. Nonetheless, that evidence does constitute some evidence, along with the other evidence outlined above, in support of the judgment. Accordingly, appellant's first two points of error are overruled.

Appellant's third point of error is that the trial court erred in considering testimony of appellant given at a former trial without a proper predicate being laid for its admission. The statement of facts reflects that, after some testimony by appellant, the trial judge recessed the trial in order to confer in her chambers with the attorneys for both sides. She thereupon indicated to counsel that the testimony of appellant that was taken in the prior proceeding of divorce between appellant and appellee—also held before this judge—varied from the testimony appellant had just given. Specific quotations from the testimony of the divorce proceedings were read to the attorneys and noted by the court reporter. Appellant argues that it was improper for the court to consider this testimony without telling appellant what portions of it were considered and without giving appellant an opportunity to object to or counter this evidence.

█ While we strongly disapprove of the trier of fact making a private investigation of the veracity of a witness, such being the function of counsel, the record before us does not indicate that that was the situation here. Certain portions of appellant's testimony in the prior divorce proceeding were read and recorded by the court reporter.

That testimony, however, was never received as evidence. Since we must presume that in a trial to the court the trial judge considered only properly admitted evidence in rendering the judgment, no error is evident in this record.

█ Even if we assume for the sake of argument that this testimony was admitted as evidence and considered by the trial court, no reversible error exists. Contrary to appellant's assertions the record reflects that the trial judge quoted to both parties those portions of the prior testimony that she believed were inconsistent with appellant's testimony in this case. No objection was made by appellant and the record reflects that opportunity existed for objection. *Swinney v. Winters,* 532 S.W.2d 396, 401 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.); 3 R. McDonald, Texas Civil Practice § 11.21.4 (rev. 1970). Thus, any error which may have existed in the admission of this evidence, assuming it was admitted, was waived by appellant's failure to make timely objection. Appellant's third point of error is overruled.

Affirmed.