Emilio RODRIGUEZ and Rodriguez & Sons Egg Co., Inc., Appellants,

v.

Francisco I. ORTEGON et ux., Appellees.

No. 1678.

Court of Civil Appeals of Texas, Corpus Christi.

April 1, 1981.

Rehearing Denied April 23, 1981.

Donald W. Allee, Garcia, Garcia & Allee, Edinburg, for appellants.

Richard Smith, Henrichson & Smith, P. C., Edinburg, for appellees.

## OPINION

YOUNG, Justice.

This appeal arises from an alleged conversion of stock. Francisco Ortegon and wife, Blanca L. Ortegon sued Emilio Rodriguez; Rodriguez and Sons Egg Co., Inc.; and others wherein the plaintiffs alleged, as minority stockholders, that some of the defendants, fraudulently dissolved the subject corporation; that the dissolution was effected without recognition of plaintiffs' minority interest; that such acts resulted in conversion of plaintiffs' 25% interest in the corporation.

At the conclusion of a jury trial, based upon the jury's answers to special issues and evidence submitted to the trial court, the court rendered judgment for the plaintiffs. Rodriguez and the corporation appeal. We affirm.

In 1966, Emilio Rodriguez, an appellant, operated the Rodriguez & Sons Egg Co., as a sole proprietorship. A partnership was formed in 1968 between Emilio and Jose Ortegon, ownership being split equally between the two parties. In 1969, the partnership was incorporated under the name of Rodriguez & Sons Egg Co., Inc. Ownership of the stock in the corporation is one of the subjects of dispute. Emilio claims that four people each owned one-quarter of the stock: Jose Ortegon, Jose's wife, Emilio's wife, and himself.

Francisco Ortegon and wife, appellees, claim that Jose Ortegon, Francisco's brother, had offered to Francisco and his wife

one-half of the stock that Jose and his wife owned, or one-quarter of the total stock of the corporation. Francisco allegedly paid to Jose sufficient consideration for the stock. Francisco and his wife further allege that Emilio knew of their ownership of the stock from the time of incorporation. It is uncontroverted that no stock was ever issued in the name of the appellees.

Sometime thereafter, Emilio offered to buy out the stock held by Jose. Whereupon Jose sold his one-quarter of the stock to Emilio for $25,000.00, but the other one-quarter which had been previously assigned to the appellees, could not be sold without authority from the appellees. Emilio and appellees attempted to arrive at a mutually agreeable price for the stock, but to no avail.

Appellant Emilio desired complete ownership of the stock of the corporation so that he and his sons could take over the business. When appellees refused to sell their stock, Emilio began dissolution proceedings. No notice of such proceedings was ever sent to the appellees. Notice was mailed to Jose's wife, who was record owner of the stock in dispute, along with a check allegedly representing the value of 25% of the stock of the corporation. At the time of the final dissolution of the corporation, Emilio determined that one-quarter of the stock was worth $11,776.48.

The crux of this appeal involves the alleged request by the appellees to have the appellant transfer ownership on the corporate records of the stock certificates that were sold to them by Jose. Issues were submitted to the jury setting out the causes of action of fraud and conversion. Judgment was rendered by the trial court in favor of the appellees on their conversion action.

Appellants bring seven points of error in this appeal, the first of which challenges the trial court's allowing the appellees to attack the validity of the corporate records which they, the appellees, introduced into evidence. The particular sections of the corporate records in question were those relating to the cash value of the corporation upon dissolution. Appellees, thereafter, introduced evidence, through witnesses, which attacked the value of the corporation set out in those records.

The general rule relating to an attack on the validity of a document is that ". . . one who introduces a document vouches for its accuracy and will not be allowed to impeach or contradict its recitals." *Gevinson v. Manhattan Construction Co. of Oklahoma*, 449 S.W.2d 458, 466 (Tex.Sup. 1969); *Hackney v. Johnson*, 601 S.W.2d 523 (Tex.Civ.App.—El Paso 1980, writ ref'd n. r. e.). While such is generally stated to be the rule, there are exceptions, however, one of which is that a party may disprove facts stated in a document introduced by him. *Ballard v. Aetna Casualty & Surety Co.*, 391 S.W.2d 510 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.). See also *Pigg v. International Hospitals, ·Inc.*, 421 S.W.2d 169 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.). This exception precludes error by the trial court in its permitting the appellees to introduce evidence which tended to disprove the value of the corporation upon dissolution. *Gevinson v. Manhattan Construction Co. of Oklahoma*, supra. Appellants' first point of error is overruled.

Further, the appellants challenge the findings of the jury by points of error based upon the legal and factual sufficiency of the evidence. An examination of the record of this appeal reveals that the trial court, after the submission of the special issues to the jury, awarded judgment to the appellees solely on their cause of action based on the unreasonable refusal to transfer the stock certificates of the appellees. Such wrongful refusal has been determined to amount to conversion of the stock: "A refusal of a corporation to transfer record ownership of corporate stock may, under appropriate circumstances, result in the liability of the corporation for damages as a conversion of the stock." *Earthman's, Inc. v. Earthman*, 526 S.W.2d 192, 204 (Tex.Civ. App.—Houston [1st Dist.] 1975, no writ). See also *Prudential Petroleum Corp. v. Rauscher, Pierce & Co., Inc.*, 281 S.W.2d 457 (Tex.Civ.App.—Dallas 1955, writ ref'd n. r. e.) and *Bower v. Yellow Cab Co.*, 13 S.W.2d

708 (Tex.Civ.App.—El Paso 1929, writ ref'd).

Conversion has been defined as "... the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights ...." *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex.Sup.1971); *McVea v. Verkins*, 587 S.W.2d 526 (Tex.Civ. App.—Corpus Christi 1979, no writ). Thus, the unreasonable refusal to transfer stock ownership in a corporation amounts to the wrongful assumption of and exercise of dominion and control over that stock. Once a presentment of the stock and request for change of ownership has been made, coupled with some proof of ownership, then the unreasonable refusal to transfer is a conversion of the stock. *Shaw's D. B. & L., Inc. v. Fletcher*, 580 S.W.2d 91 (Tex.Civ.App.— Houston [1st Dist.] 1979, no writ).

The jury found that the appellees did surrender and did request a transfer of the stock, and that Rodriguez, as an officer of the corporation, did unreasonably refuse to transfer the stock. The lack of formal presentation of the stock for transfer was not pled by the appellant as an affirmative defense under Rule 94, T.R.C.P., so any objection is thereby waived. *Prudential Petroleum Corp. v. Rauscher, Pierce & Co., Inc.*, supra. After thoroughly reviewing the entire record of the case, in light of the well-settled principles guiding legal and factual sufficiency challenges to the evidence, we hold that these findings have both factual and legal support. *Waisath v. Lack's Stores, Inc.*, supra; *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952).

The appellant also challenges the evidentiary support for the finding by the jury that the value of the converted stock was $50,000.00. The proper measure of damages in a conversion case is the value of the converted property at the time and place of the conversion. *Shaw's D. B. & L., Inc. v. Fletcher*, supra. Testimony at the trial placed the value of the stock between $11,776.48 and $99,365.00. A finding by the

jury that the stock was worth $50,000.00 at the time of conversion is therefore factually and legally supported by the evidence. Appellants' points of error four, five and seven are overruled.

In addition to evidentiary challenges to the findings of the jury, the appellants also allege error in the granting of the appellees' motion for directed verdict which eliminated the appellants' right to raise the defense of good faith and reliance on the written opinion of corporate counsel. Such a defense allegedly would have excused his refusal to transfer the stock. This allegation actually involves two distinct defenses, good faith and reliance on legal advice.

The defense of good faith is not available to a party to excuse his actions in a conversion suit. *McVea v. Verkins*, supra, at 531. "The requisite intent is only one to assert a right in the property, and a wrongful intent is not required." *White-Sellie's Jewelry Co. v. Goodyear Tire & Rubber Co.*, 477 S.W.2d 658, 662 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); *Powell v. Forest Oil Corp.*, 392 S.W.2d 549 (Tex.Civ. App.—Texarkana 1965, no writ). Therefore, good faith could not have been asserted by the appellant to legally excuse his unreasonable refusal to transfer the stock.

The second defense raised by the appellants, that of reliance upon the written opinion of corporate counsel, is embodied in the following provision of the Business Corporation Act:

"D. A director shall not be liable for any claims or damages that may result from his acts in the discharge of any duty imposed or power conferred upon him by the corporation if, in the exercise of ordinary care, he acted in good faith and in reliance upon the written opinion of an attorney for the corporation." V.A.T.S., Bus.Corp.Act., art. 2.41, § D.

In situations such as the one before this Court, a party may not assert the legal defense of reliance of corporate counsel when no legal justification for the refusal exists. *Earthman's, Inc. v. Earthman*, supra, at 264; *Kolp v. Prewitt*, 9 S.W.2d 490

(Tex.Civ.App.—Fort Worth 1928, no writ); cf. *United North & South Development Co. v. Rayner,* 124 F.2d 512, 513 (5th Cir. 1942) cert. den., 316 U.S. 665, 62 S.Ct. 945, 86 L.Ed. 1741 (1942). Furthermore, the statute plainly requires that the opinion be written. No written opinion of counsel for the corporation advising the appellant to refuse to transfer the stock was entered in the record of this case. Appellants' point three is overruled.

In another complaint, the appellants contend that the trial court abused its discretion in permitting the appellees to amend their pleadings during the trial to include allegations that the corporation's assets were converted by appellant Rodriguez at less than fair market value. A fair reading of the pleadings, before they were amended, shows clearly that the appellees were complaining of conversion of their interest in the subject corporation. If the trial court committed error, the error was harmless. Rule 434, T.R.C.P. Appellants' second point is overruled.

Finally, the appellants assert that Special Issue No. 2 is defective and will not support a judgment for appellees because the issue only inquires about the actions of Emilio Rodriguez and not the actions of agents of the appellants. The jury found in Special Issue No. 2 that Rodriguez, as officer of the corporation, unreasonably refused to transfer the stock certificates on the books of the corporation to show appellees as the owners of the stock. Appellants' argument seems to be that if there was any refusal to transfer, the refusal was done by appellants' counsel; therefore, the finding against Rodriguez supplied no basis for judgment against the appellants. The fact that Rodriguez authorized the appellants' counsel to handle the stock transfer negotiations is undisputed.

Appellants' complaints about Special Issue No. 2 are without merit for two reasons. First, we have carefully examined the record and find there is sufficient evidence to support the jury's answer to Special Issue No. 2 in the form in which it was submitted. Second, there is also sufficient evidence to support an affirmative finding to the question whether the corporation's counsel unreasonably refused to transfer ownership of the stock in question on the corporate books. That question was not submitted to the jury. But where such omitted issue, as part of a cluster (regarding conversion), as in the case before us, is not requested and not properly objected to; and where there is support in the evidence, as there is here; such issue will be deemed found in such manner as to support the judgment. Rule 279, T.R.C.P. See *Vahlsing Christina Corp. v. Rymon, Well Service, Inc.,* 512 S.W.2d 803 Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). Appellants' sixth point of error is overruled.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

In their motion for rehearing, appellants raise several questions in regard to this Court's original opinion. We have thoroughly considered each of these points, including the evidentiary challenges and our legal interpretation of case law, and find no error in our original holding.

Appellants also request that this Court file "conclusions of fact" in regard to the jury findings as to 1) the fair market value of the converted stock and 2) the appellants' unreasonable refusal to transfer the stock. Rules 453, 455, T.R.C.P. (1980). The rule is well-settled that courts of civil appeals have no jurisdiction to make original findings of fact in cases on appeal; they can only "unfind" facts. *City of Beaumont v. Graham,* 441 S.W.2d 829 (Tex.Sup.1969); *Jon-T Farms, Inc. v. Goodpasture, Inc.,* 554 S.W.2d 743, 753 (Tex.Civ.App.—Amarillo 1977, writ ref'd n. r. e.); *Moore v. Copeland,* 478 S.W.2d 573 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.). In holding that the original jury findings have sufficient support in the evidence, we deem it unnecessary to file additional findings of fact.

Appellants' motion for rehearing is therefore overruled.

BISSETT, J., not participating.