**VIRGIL T. WALKER CONSTRUCTION CO., INC., Appellant,**

v.

**Emilio Tame FLORES, Appellee.**

**No. 13–85–292–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 1, 1986.

Rehearing Denied May 22, 1986.

Terry L. Leonard, Edinburg, for appellant.

Phil Harris, Weslaco, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

The trial court rendered judgment for $39,000.00 against appellant for the conversion of appellee's property. Appellant answered appellee's suit by general denial, failing to raise any affirmative defenses or put forth any counterclaims. Appellant brings eight points of error. We affirm the judgment of the trial court.

Appellee purchased five pieces of construction machinery in Illinois and transported them by rail to Texas. Appellee paid $25,000.00 for the machinery at auction, but valued its worth at $50,000.00. Appellee planned to export the equipment to Mexico, but needed an asphalt distributor which he was to buy from appellant. Appellee stored the construction machinery on appellant's property until the purchase price of the distributor could be paid. Appellee's employee testified that the purchase of the asphalt distributor substituted for any storage rental.

Appellee paid $3,000.00 towards the purchase of the distributor, but did not pay the balance owing because appellant sold the machine to another party. Appellee's employee testified that he twice tried to take some of the equipment off appellant's property, but appellant would not let him. Appellant sent appellee a letter requesting payment of the rental space for the equipment and threatening to take appellee to court if necessary. Appellant then auctioned appellee's equipment.

■ Conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex.1971). "Under ordinary circumstances, compensatory damages for a conversion are represented by the reasonable market value of the property at the place and time of conversion." *Peter Salpeter Energy Co. v. Crystal Oil Co.*, 524 S.W.2d 383, 385 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n.r. e.).

Appellant, by his sixth point of error, complains that the trial court erred in granting judgment for appellee because there was no evidence or, in the alternative, insufficient evidence "showing that appellee had demanded the return of machinery and appellant refused return of machinery thereby unlawfully claiming ownership and unlawfully taking possession of the machinery." In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960).

■ The exercise of dominion or control over appellee's property in denial of, or inconsistent with, his rights constitutes a conversion and it is not essential that the appellee establish a wrongful intention on the part of appellant. *Shaw's D.B. & L., Inc. v. Fletcher*, 580 S.W.2d 91, 95 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ); *White-Sellie's Jewelry Co. v. Goodyear Tire & Rubber Co.*, 477 S.W.2d 658, 662 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ). It is undisputed that appel-

lant auctioned appellee's property. Appellee's employee testified he twice sought to remove the machinery, but appellant refused these demands. Appellant asserted no affirmative defenses or counterclaims. We overrule appellant's sixth point of error.

Appellant, by his first, second and third points of error, complains that the trial court erred in granting judgment for appellee as there was no evidence or, in the alternative, insufficient evidence to support the award of compensatory damages.

We hold that there is sufficient evidence to support the trial court's determination of compensatory damages. Appellee testified that when he bought the equipment, it had a "commercial" value of $50,000.00, but he paid only $25,000.00 at an auction. Appellee's employee, who actually purchased the equipment at the auction, testified that the equipment's value was in excess of $25,000.00 when appellant refused to allow the equipment to be removed from his property. Appellant admitted that appellee's Caterpillar Track Loader was worth approximately $12,000.00 when he auctioned it. The evidence is sufficient to show the *reasonable market value of the property at the place and time of conversion.*

■ Further, the damages in an action for conversion are measured by the sum of money necessary to compensate the plaintiff for all actual losses or injuries sustained, not merely the reasonable market value of the property, as a natural and proximate result of the defendant's wrong. *See Groves v. Hanks,* 546 S.W.2d 638, 647 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.); *see also Clifton v. Jones,* 634 S.W.2d 883, 887 (Tex.App.—El Paso 1982, no writ) (travel expenses were proper as damages arising from the conversion). The trial court's inclusion of appellee's shipping costs was proper. The appellant did not object to the introduction of this evidence and cross-examined appellee about it. The appellant's complaint that appellee did not specifically plead for shipping costs is without merit, pursuant to TEX.R.CIV.P. 67 (amendments to conform to issues tried

without objection). We overrule appellant's first, second and third points of error.

■ Appellant, by point of error four, complains that the trial court erred in granting judgment for appellee due to the trial court's failure to vest the title of the machinery in appellant. Appellant's point of error is without merit. Virgil Walker testified that the machinery had been auctioned and no longer was in appellant's possession. This situation differs from those in cases cited by appellant in his brief. When the defendant to a conversion suit is in possession of the property, title should vest in the defendant following a successful suit for conversion. *See Fox v. American Propane, Inc.,* 508 S.W.2d 426, 428 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.). In our case, vesting title in the defendants would have been futile. We overrule appellant's fourth point of error.

■ Appellant, in points of error seven and eight, complains that the trial court erred in making findings of fact and conclusions of law. Specifically, appellant complains that notice of the filing of the request for findings was not served in compliance with TEX.R.CIV.P. 296 and 21a.

Appellee failed to effect service by mail as required in rule 21a. Further, appellant did not timely request findings of fact or conclusions of law. Neither party property requested findings or conclusions; therefore, the findings and conclusions in the record are a nullity and the trial court's judgment will be upheld if supported by any legal theory. *See Owens v. Travelers Insurance Co.,* 607 S.W.2d 634, 637 (Tex. Civ.App.—Amarillo 1980, writ ref'd n.r.e.). We sustain appellant's seventh point of error. However, no reversible error is shown. As previously discussed, the evidence supports appellee's recovery based on a conversion theory. Having sustained appellant's seventh point of error, there is no reason to further discuss appellant's eighth point of error, which complains of the timeliness of appellee's request for findings.

Appellant, by the fifth point of error, complains that the trial court erred in *finding* appellee was entitled to attorney's fees. In light of our holding with regard to appellant's seventh point of error and considering the trial court's judgment did not award attorney's fees, we need not discuss appellant's fifth point of error.

The judgment of the trial court is affirmed.